**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DERICK D. GIBSON,                          Case No. 1:13-cv-220
     Plaintiff,


                                   Barrett, J.
     vs                                    Bowman, M.J.


DISTRICT 2 POLICE STATION,                 **REPORT AND**
     Defendant.                         **RECOMMENDATION**


     Plaintiff, who resides in Cincinnati, Ohio, has filed a *pro se* complaint alleging a violation of his civil rights by one "acting under color of State law."  (*See* Doc. 1, Complaint, p. 2).  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

     Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious.  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or

when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at

678 (quoting *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

enhancement."  *Id.* at 557.

      Plaintiff brings this action under 42 U.S.C. § 1983 against the District 2 Police Station

located on Erie Avenue in Cincinnati, Ohio.  (*See* Doc. 1, Complaint, p. 2).  The complaint

contains the following allegations:

> I bought a $400 gun an[d] a guy robbed me an[d] took it an[d] came back an[d]
> shot it at me.  I called the cop's an[d] the cop came all mad an[d] said no one is
> doin[g] that.  I need to take med's.  No one is shootin[g] at me.  She will
> [e]valuate me an[d] . . . she will kick my ass, an[d] back hand me, an[d] smack me
> an[d] let my gun get on the street.  These cop's text me sayin[g] they will kick my
> ass.  They see me in the store an[d] say w[h]at are you lookin[g] at asshole.  I'll
> smack you[.]  They put me in a mental hosp throw me in jail just for callin[g]
> an[d] compla[ining].  They take money from me[,] $1,000 dollar's[,] made me
> lose 2 gun's, my car, made me lose my place to stay.  They threat[e]n me every
> day.  They haras[s] me, humiliate me, disc[riminate] me[.]  They slander my
> name[.]  They got me scared to come out of my house.  I see [th]em in my sleep.
> I have never been able to exer[cise] my ri[ghts].  I called the s[e]argent to tell him
> they do it.  He said if I called ag[a]in he will put me in jail an[d] they did.  I mean
> there is a lot more.  It's every day[.]  They are really af[f]ectin[g] my life for
> lik[e] 3 or 4 year's.  They have stop[p]ed me from makin[g] a lot of money. . . .  It
> is bad.

(*Id.*, p. 3).  As relief, plaintiff seeks an expungement of his police "charges and record," which

plaintiff claims is "all [due] to them haras[s]ing me."  (*Id.*, p. 6).  It also appears that plaintiff is

requesting damages for the loss of his car, home, money and business.  (*See id.*).

      Construing the complaint liberally, plaintiff may have a cause of action against individual

police officers for wrongful arrest and/or malicious prosecution.  However, the named defendant

is not an entity that is capable of being sued.  *See, e.g., Davis v. Middletown Police Dep't,* No.

1:13cv83, 2013 WL 503130, at *3 (S.D. Ohio Feb. 8, 2013) (Litkovitz, M.J.), *adopted,* 2013 WL

811936 (S.D. Ohio Mar. 5, 2013) (Beckwith, J.); *Davis v. Bexley Police Dep't,* No. 2:08cv750,

2009 WL 414269, at *2 (S.D. Ohio Feb. 17, 2009) (citing *Jones v. Marcum*, 197 F. Supp.2d 991,

997 (S.D. Ohio 2002)); *see also Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir.

2007) (affirming the dismissal of the sheriff's office as a party because "under Ohio law, a

county sheriff's office is not a legal entity capable of being sued for purposes of § 1983");

*Schaffner v. Pell*, No. 2:10cv374, 2010 WL 2572777, at *2 (S.D. Ohio June 21, 2010) (citing

*Tysinger v. Police Dep't of City of Zanesville,* 463 F.3d 569, 572 (6th Cir. 2006)) ("A police

department is not a juridicial entity subject to suit under Ohio law."). As the district court

explained in *Davis, supra,* 2009 WL 414269, at *2:

> Police departments are not independent government entities. They are only the
> vehicles through which municipalities fulfill their policing functions. *Williams v.
> Dayton Police Dep't,* 680 F.Supp. 1075, 1080 (S.D.Ohio 1987). Thus, police
> departments are not proper § 1983 defendants as they are "merely sub-units of the
> municipalities they serve." *Jones,* 197 F.Supp. at 1080.

Even if the Court were to liberally construe plaintiff's *pro se* complaint as alleging claims

against the municipality of Hamilton County, Ohio, plaintiff's complaint would still fail to state a

claim for relief. A municipality cannot be held vicariously liable under § 1983 based on the

theory of *respondeat superior* for injuries inflicted solely by its employees or agents. *See Iqbal,*

556 U.S. at 677; *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 690-92 (1978);

*Gregory v. Shelby Cnty., Tennessee*, 220 F.3d 433, 441 (6th Cir. 2000); *see also Davis, supra*,

2009 WL 414269, at *2 ("A plaintiff may not rely on the doctrine of *respondeat superior* to find

a government entity liable under § 1983 when the claim is founded solely on an allegation that

its agent caused the injury."). To state a claim for relief under § 1983 against a municipality, the

plaintiff must allege that his "injuries were the result of an unconstitutional policy or custom" of

the municipality. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Monell*, 436

U.S. at 694; *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). *Cf. Polk County v.

Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional

deprivation).  Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

In this case, plaintiff has alleged no facts indicating that District 2 police officers were acting pursuant to a municipal policy or custom in allegedly violating plaintiff's rights.  Any such claim is based solely on a theory of *respondeat superior,* which does not apply to § 1983 claims and may not serve as a basis for liability.  *See Monell,* 436 U.S. at 693-94.

Accordingly, in sum, the Court concludes that the plaintiff's complaint is subject to dismissal on the ground that plaintiff has not stated an actionable claim for relief under § 1983 against the named defendant.

## IT IS THEREFORE RECOMMENDED THAT:

1.  The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


/s/ *Stephanie K. Bowman*
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DERICK D. GIBSON,                                    Case No. 1:13-cv-220
      Plaintiff,

                                            Barrett, J.

      vs                                             Bowman, M.J.

DISTRICT 2 POLICE STATION,
      Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

cbc